67576, 67692. HARPER v. THE STATE (two cases).

McMURRAY, Chief Judge.

Defendant appeals his conviction of burglary following the denial

of his motion for new trial. *Held*:

His appointed appellate counsel, different from trial counsel, has filed a motion to withdraw as counsel pursuant to Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493), stating that after a careful review of the record and transcript counsel believes an appeal of this case to be wholly frivolous. In accordance with Anders v. California, supra, counsel has filed a brief, attached to the motion to withdraw, raising points of law which he considered arguably could support an appeal and furnished to the defendant a copy of the motion and brief attached, in order to allow the defendant to raise any points he chooses to raise. In addition, as required by *Bethay v. State*, 237 Ga. App. 625 (229 SE2d 406), we have fully examined the record and transcript to determine independently if there are any meritorious errors of law. We are in agreement with counsel that the points raised in the brief have no merit nor does our independent examination disclose any errors of substance. Accordingly, we found the appeal to be wholly frivolous and granted permission of counsel to withdraw. The defendant has been notified of this action and of his options by reason thereof.

Following the filing of defense counsel's motion to withdraw defendant has filed pro se additional arguments in support of his appeal which he styles a petition for writ of mandamus, that is, being designated as a "citation of supplemental authority." In addition defendant has filed in this court a pleading he styles a "writ of mandamus" which has been docketed separately as Case No. 67692. A careful reading of same, however, discloses that it is in further argument of Case No. 67576, the only case he has for review in this court. Substance and not nomenclature controls. Finally, defendant has filed his enumeration of errors and brief. We, therefore, proceed to consideration of the alleged errors which have been claimed by the defendant and those of counsel before and defendant after counsel was allowed to withdraw.

1. Numerous pretrial motions were filed pro se, and it appears that there may have been a communication problem between trial counsel and the defendant, and counsel had not acquired defendant's full cooperation in consideration of the case. Thus, based upon the foregoing, it is contended that defendant was deprived of his right to effective counsel. Trial counsel also stated in open court that she was not prepared for trial because of her inability to establish a rapport with the defendant. However, effective assistance of counsel is said not to mean errorless counsel, nor counsel adjudged not effective by hindsight, but is counsel reasonably likely to render and the rendering of reasonably effective assistance. See *Hawes v. State*, 240 Ga. 327, 329 (240 SE2d 833). Our examination of the record and transcript fails to disclose any defense which was not presented and ruled upon

by the trial court or that counsel failed to consult sufficiently with the defendant or failed to investigate the facts and the law in the trial of the case. In addition the trial court held there was sufficient communication between the defendant and his counsel. We find no reversible error here.

2. By additional brief (written letter arguments styled "supplementary authority" and "petition for writ of mandamus" and finally the filing of enumeration of errors and brief) the defendant further contends that counsel failed to represent him effectively which was a violation of due process of law. We have examined same and find no merit in defendant's claims that he was improperly represented. See *Hawes v. State*, 240 Ga. 327, 329, supra.

3. Defendant also argues the sufficiency of the evidence as a matter of law to enable a rational trier of fact to find the defendant guilty of the offense of burglary beyond a reasonable doubt. He argues the credibility of the state's witnesses who testified against him. The jury, however, sought to believe this testimony, and such testimony was sufficient to find this defendant guilty even though the jury, had it believed the defendant, could have rendered a not guilty verdict. After careful examination of the record and transcript we determine that the evidence was sufficient to convince a rational trier of fact of the defendant's guilt beyond a reasonable doubt. See *Rivers v. State*, 250 Ga. 288, 293 (1), 294 (298 SE2d 10); *Brown v. State*, 250 Ga. 66, 67 (1) (295 SE2d 727); *Moore v. State*, 240 Ga. 807, 811 (II (1)) (243 SE2d 1). There is no merit in this complaint.

4. The defendant's remaining enumerations of error are likewise not meritorious. For example, we do not find any merit in the claims that the court improperly communicated with the jury; or that the defendant was denied the right of confrontation in that the state failed to furnish him a transcript of the preliminary hearing in order for him to use same to attack the testimony given against him or for same to be used for impeachment purposes; or that the defendant was denied a fair and impartial trial because he was allegedly coerced into a trial after it was disclosed that the defendant and his counsel had a conflict as to her representation of him.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 9, 1984 —
REHEARING DENIED MARCH 30, 1984 —

James S. Harper, *pro se.*

Sam B. Sibley, Jr., *District Attorney*, George N. Guest, *Assistant District Attorney*, for appellee.