## 69472. PFEIFFER v. THE STATE.
(326 SE2d 562)

BEASLEY, Judge.

Police officers observed appellant Pfeiffer back his automobile through a stop sign onto Wrightsboro Road. They followed him for a short distance whereupon he stopped. As the officers approached, Pfeiffer got out and, according to testimony, "just about fell down." As the officers tried to talk with him, Pfeiffer leaned on his car; seeming to steady himself, his eyes appeared "real bloodshot," his clothes were "unkempt," he was unshaven, and the "odor of alcohol on his breath was overwhelming."

A state court jury returned a verdict of guilty for the offenses of driving under the influence and improper backing, and Pfeiffer was sentenced to pay a $600 fine, serve 12 months' probation, take a driver improvement course and perform 80 hours of community service. *Held*:

1. Pfeiffer challenges the jurisdiction of the court to adjudicate the offenses charged. Driving under the influence of alcohol or drugs and improper backing are misdemeanors. OCGA §§ 40-6-391 and 40-6-240. State courts have jurisdiction to try misdemeanors. OCGA § 15-7-4. The State Court of Richmond County was a proper forum in which to try Pfeiffer.

Pfeiffer further disputes jurisdiction by claiming that he cannot be prosecuted for the offenses charged because they were not crimes under the common law and because there was no victim. The General

Assembly has by statute made criminal the acts of driving under the influence of alcohol or drugs (OCGA § 40-6-391) and improperly backing a vehicle (OCGA § 40-6-240). This enumeration of error is without merit.

2. Pfeiffer challenges the State's right to restrict his driving privilege by what are commonly known as the uniform rules of the road. In order to use the highways of this state, a license must be obtained from the state. OCGA § 40-5-20. The state, through the elected representatives of the people, have enacted the laws which appellant was convicted of violating and have declared that "It is unlawful . . . for any person to do any act forbidden or fail to perform any act required in this chapter [Chapter 6 of Title 40]." OCGA § 40-6-1. Appellant has shown no basis for his challenge.

3. Pfeiffer contends that he was erroneously denied counsel of his own choosing during his trial. Although the sixth amendment of the United States Constitution, which appellant invokes, guarantees every defendant aid of an attorney, that attorney need not be counsel of defendant's choosing. *Kesler v. State*, 249 Ga. 462, 474 (12) (291 SE2d 497) (1982).

Appellant requested the appointment of counsel and the court granted this request. The record clearly indicates that throughout the trial of this case, Pfeiffer's court-appointed attorney represented him competently. In addition, Pfeiffer was permitted to personally assist in his own representation even to the extent of performing cross-examination of witnesses. There is no evidence in the record that Pfeiffer ever intended, or indicated to the court an intent, to employ licensed counsel of his own selection, nor at any point in the trial proceedings did he request substitute licensed counsel. Pfeiffer insists that he should have been afforded the right to have a non-attorney, i.e., a friend, as his counsel at trial. While it is certainly true that a defendant may proceed to defend himself without counsel (see *Rogers v. State*, 156 Ga. App. 466 (274 SE2d 815) (1980); *Shaw v. State*, 163 Ga. App. 615 (294 SE2d 676) (1982)), he may not expand the right to counsel to include representation by someone else unauthorized to practice law. See OCGA § 15-19-51; U. S. Const. Amend. VI; Ga. Const. Art. 1, Sec. 1, Par. 14; *United States v. Bertolini*, 576 F2d 1133 (5th Cir. 1978); *United States v. Anderson*, 577 F2d 258 (5th Cir. 1978). The trial court did not err in refusing Pfeiffer's request to be represented by a non-attorney other than himself.

4. The record indicates that the appellant, on his own behalf, filed numerous pretrial motions. Among Pfeiffer's complaints is the charge that these motions were ruled on out of his presence. The record reflects that Pfeiffer was indeed present at the motions hearing, and that the court overruled such motions in chambers after taking them under advisement following the hearing and permitting the sub-

mission of subsequent briefs. We are unaware of any authority to support a right of a defendant to be present when a judge commits his decision to writing or instructs counsel to prepare an order; state court practice and procedure permits the judge to hear motions, enter interlocutory orders, and perform judicial acts and conduct proceedings, other than trials on the merits, in chambers. OCGA § 15-7-42.

Pfeiffer further maintains that he did not know of the court's ruling on the motions until the time of trial. At trial there was no indication whatsoever that the defense was not ready to proceed and no continuance was sought. The record reflects that the ruling on the motions had been filed earlier with the clerk of the court, apparently over a month before the trial. It is also evident from the record that even though Pfeiffer's "Motion for Discovery and Inspection and Order Thereof" was among those motions formally overruled by the trial court, Pfeiffer and his counsel had access to the solicitor's complete file in Pfeiffer's case. Appellant's complaints regarding the pretrial motions are without merit.

5. Pfeiffer claims that he was not informed of the charges against him. The record shows that his attorney received a copy of the warrant and accusations on October 6, 1983, over two months before the time of trial.

6. The appellant maintains that the judge was not bound by the constitution of this state or of this country so that the proceedings were void. State court judges take an oath to be so bound. OCGA §§ 15-7-20 (c), 15-6-6. There has been no showing that the trial judge did not take the oath or acted in any manner contrary to the Constitution of the State of Georgia or the Constitution of the United States.

7. Pfeiffer alleges that at the jail he was improperly denied counsel. The accused's right to counsel includes the benefit of counsel at all critical stages of the case and sufficiently prior to the trial for adequate preparation. *Weiner v. Fulton County*, 113 Ga. App. 343 (148 SE2d 143), cert. denied, 385 U. S. 958 (87 SC 393, 17 LE2d 304) (1966); *Rose v. State*, 128 Ga. App. 370 (196 SE2d 683 (1973). Assuming that Pfeiffer requested the aid of legal counsel at the jail and was denied such counsel, the record shows no harm to Pfeiffer from absence of counsel at the jail nor does he claim any specific prejudice from not having counsel at the jail. He did not, for example, make any inculpatory statements. During the trial no evidence of any statement made by Pfeiffer, other than observations regarding his manner of speech at the on-the-scene investigation, was introduced. This allegation of error is meritless.

8. Any remaining general and vague contentions of denial of constitutional rights, raised for the first time on appeal, present nothing for our decision. *Corley v. State*, 154 Ga. App. 301 (268 SE2d 76) (1980).

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED JANUARY 29, 1985 —

Gregory W. Pfeiffer, *pro se.*
Gayle B. Hamrick, Solicitor, Michael C. Eubanks, Assistant Solicitor, for appellee.