## 73136. ROBINSON v. THE STATE.
(356 SE2d 55)

McMURRAY, Presiding Judge.

Defendant was accused of two misdemeanor offenses, obstruction of a law enforcement officer and simple assault. A jury trial commenced on August 23, 1985, and the following evidence, construed most favorably to support the verdict, was adduced: On April 18, 1985, defendant entered the clerk's office of the State Court of Chatham County, Georgia and began shouting obscenities after his demands in the clerk's office were not fulfilled. Two law enforcement officers were summoned for assistance and, after failing to comply with the officer's request to cease from causing a disturbance, the defendant was asked to leave the building. Defendant refused and the law enforcement officers began physically escorting defendant out of the building. Defendant resisted by dragging his feet. Upon entering the hall outside the clerk's office, defendant "jerked" away and attempted to strike one of the officers. Defendant was arrested and taken to jail. From this and other evidence adduced at trial, the jury found defendant guilty of both charges. Defendant now appeals *pro se* enumerating some 26 instances of alleged error. *Held*:

1. In his first enumeration of error defendant asserts two arguments with regard to the preparation of the trial court record.

(a) First, defendant argues the trial court erred "in failing to order transcripts in their entirety" of several preliminary hearings. In this regard, the trial court ruled: "If there are any transcripts available, make them available to [defendant]. If there are no transcripts, then they're not available . . ." (There is nothing in the record to indicate that defendant requested a recording or transcription of the preliminary hearing before the hearings were conducted.) No transcripts of the preliminary hearings appear in the record on appeal. Consequently, we assume none are available. Under these circumstances, we turn to the question of whether defendant was entitled to a recording and transcription of the preliminary hearings.

"OCGA § 5-6-41 addresses the requirements for the reporting and preparation of transcripts of evidence in trial proceedings. OCGA § 5-6-41 (b) provides that '(i)n misdemeanor cases, the trial judge may, in his discretion, require the reporting and transcribing of the

evidence and proceedings on terms prescribed by him.' OCGA § 5-6-41 (j) provides, '(i)n all cases, civil or criminal, any party may have the case reported at his own expense.' " *Williams v. State,* 254 Ga. 690 (333 SE2d 613). These Code provisions apply to preparation of transcripts of preliminary hearings and arraignments.

In the case sub judice, since defendant was charged with two misdemeanor offenses and since there is nothing in the record to show defendant requested a recording and transcription of the preliminary hearings before the hearings were conducted, no recording and transcription was required. Consequently, the trial court did not err in failing to provide defendant with transcripts of the preliminary hearings. (See *Harper v. State,* 170 Ga. App. 601, 603 (4) (317 SE2d 567), where this court concluded that failure to provide defendant with "a transcript of the preliminary hearing in order for him to use same to attack the testimony given against him or for same to be used for impeachment purposes"; did not require reversal of his conviction of burglary.)

(b) Next, defendant argues that the trial court erred in failing to transmit "paperwork filed . . . in the Magistrate's Court." This argument is not supported by the record.

The Clerk of the State Court of Chatham County, Georgia certified that a complete copy of the original 333-page record and the entire trial transcript were transmitted to this court. (The record includes documents filed with the Magistrate Court and the Recorder's Court of Chatham County, Georgia.) There being no evidence showing an omission of documents, we find the clerk's certificate conclusive evidence that the entire trial court record was included in this appeal. See OCGA § 5-6-43 (a).

2. In his second enumeration of error defendant contends "[t]he trial court and Magistrate Court erred in failing to prove jurisdiction over the person as well as the subject matter." "State courts have jurisdiction to try misdemeanors. OCGA § 15-7-4." *Pfeiffer v. State,* 173 Ga. App. 374 (1) (326 SE2d 562). In the case sub judice, it is not disputed that the crimes occurred in Chatham County, Georgia. Consequently, the Magistrate Court and the State Court of Chatham County had jurisdiction over defendant. OCGA § 17-2-1.

3. Defendant contends in his third enumeration of error that "[t]he trial court erred in failing to provide [him] a common law jury trial with a common law jury of 12 jurymen of [his] peers." Defendant was tried by a six-member jury.

"A trial by jury shall consist of 12 persons; but the General Assembly may prescribe any number, not less than six, to constitute a trial jury in courts of limited jurisdiction and in superior courts in misdemeanor cases." Ga. Const. 1983, Art. I, Sec. I, Par. XI (b). In OCGA § 15-12-125 the General Assembly provides for six-member ju-

ries in the trial of misdemeanors. This enumeration is without merit.

4. Next defendant contends he was not provided a public and speedy common law trial as required by OCGA § 17-7-170. Defendant argues that he filed a demand for trial on April 29, 1985. The record does not support this contention. However, pretermitting this factual dispute and assuming an appropriate demand for trial was filed on April 29, 1985, we find defendant was not entitled to an absolute discharge and acquittal under OCGA § 17-7-170.

It is undisputed that the accusations, charging defendant of the offenses, were filed on June 10, 1985. "[A] demand for speedy trial pursuant to the provisions of OCGA § 17-7-170 may not be made until an indictment has been returned or an accusation preferred. *Fisher v. State*, 143 Ga. App. 493 (238 SE2d 584) (1977)." *Majia v. State*, 174 Ga. App. 432, 433 (1) (330 SE2d 171), aff'd. in *State v. Majia*, 254 Ga. 660 (333 SE2d 834). Since defendant's demand for trial was made prior to filing of the accusations, he was not entitled to invoke the mandate of OCGA § 17-7-170. See *State v. Spence*, 179 Ga. App. 750, 752-753 (347 SE2d 612).

5. In his fifth and ninth enumerations of error, the thrust of defendant's arguments is that he was denied counsel of his own choosing during trial. "Although the sixth amendment of the United States Constitution, which [defendant] invokes, guarantees every defendant aid of an attorney, that attorney need not be counsel of defendant's choosing. *Kesler v. State*, 249 Ga. 462, 474 (12) (291 SE2d 497) (1982)." *Pfeiffer v. State*, 173 Ga. App. 374, 375 (3), supra.

In the case sub judice, defendant was appointed an attorney according to his request. On the day of trial, defendant requested that his former wife, a non-attorney, represent him in lieu of his court-appointed attorney. The trial court denied this request and directed defendant's court-appointed attorney to remain at trial. Under these circumstances, defendant argues that the trial court erred in refusing to allow his former wife to represent him at trial and in failing to dismiss his court-appointed attorney.

The trial court did not err in refusing to allow a non-lawyer to represent defendant at trial. *Pfeiffer v. State*, 173 Ga. App. 374, 375 (3), supra. Further, we find no error in the trial court directing defendant's attorney to remain during trial as defendant did not request to proceed pro se and since defendant did not indicate that he intended to employ a licensed attorney to represent him at trial. See *Williams v. State*, 169 Ga. App. 812 (315 SE2d 42). Defense counsel did not adversely prejudice defendant's case.

6. Defendant next contends that "[t]he Magistrate's Court erred in failing to provide [him] with due process of law." In this regard, defendant argues that he was denied due process because the clerk of the Magistrate Court failed to complete certain blanks on a form or-

der issued by the magistrate's court designating the amount of his bond pending arraignment. Defendant concedes that he was informed of the terms of his bond by the judge of the Magistrate Court at the bond hearing. Further, defendant does not challenge the terms of the bond. Under these circumstances, we find no violation of defendant's right to due process. This enumeration of error is without merit.

7. In his seventh enumeration of error defendant contends he was arrested without probable cause.

"OCGA § 17-4-20 (Code Ann. § 27-207) provides that an arrest may be made by a law enforcement officer without a warrant if an offense is committed in his presence. The constitutional validity of an arrest without a warrant depends upon whether the arresting officer had probable cause to believe the defendant was committing, or had committed, an offense in the officer's presence. *Beck v. Ohio*, 379 U. S. 89, 91 (85 SC 223, 13 LE2d 142)." *Brooks v. State*, 166 Ga. App. 704, 705-706 (305 SE2d 436).

In the case sub judice, defendant's warrantless arrest was based on the officers' observation of defendant's obscene and disruptive behavior in a public place followed by a violent outburst toward a law enforcement officer. Under these circumstances, we find sufficient probable cause to sustain defendant's warrantless arrest.

8. In his eighth enumeration of error defendant contends "[t]he trial court erred by failing to provide [him] with a motion hearing at least 10 days prior to trial by denying [him] transcripts of pre-trial hearings." In this regard, defendant argues that he was entitled to transcripts of the pre-trial hearings. This issue has been addressed in Division 1 (a) of this opinion.

An examination of the trial transcript reveals that the trial court conducted a protracted pre-trial hearing addressing each of defendant's motions. Consequently, as defendant was afforded a pre-trial hearing on each of his motions and since defendant has failed to demonstrate how additional time before trial would have benefited him in presenting his pre-trial motions, the trial court did not err in failing to provide defendant a motions hearing 10 days prior to trial. This enumeration of error is without merit.

9. Defendant contends in his tenth enumeration of error that "[t]he trial court erred in failing to grant [his] demand to have all State witnesses individually sequestered in individual rooms and not just sequestered all together in one room." "Application of the rule of sequestration is within the sound discretion of the trial court." *Wilson v. State*, 158 Ga. App. 174, 176 (7) (279 SE2d 345). In the case sub judice, defendant has failed to show how the trial court's failure to sequester the witnesses according to his demand was abusive. This enumeration of error is meritless.

10. In his eleventh enumeration of error defendant contends

"[t]he trial court and Magistrate's Court erred by holding [him] to answer for an otherwise infamous crime without indictment of a grand jury." This argument is without merit. OCGA § 17-7-71 (a), (d).

11. Defendant argues in his twelfth enumeration of error that "the accusations and warrants do not substantially comply with the form required by Georgia Code." We do not agree. The accusations substantially comply with the requirements of OCGA § 17-7-71 (d). Further, since defendant's arrest was warrantless, his argument concerning the validity of the criminal warrants is without merit. (The record shows warrants were obtained after defendant's arrest in an abundance of caution by one of the arresting law enforcement officers.)

12. In his thirteenth enumeration of error defendant contends "[t]he trial court and Magistrate's Court erred by not releasing [him] of all charges based on [OCGA] § 17-4-26."

"Notwithstanding the alleged wrong, the courts have ruled that [violation of OCGA § 17-4-26] in no way vitiates the indictment, trial, verdict, and judgment of conviction and sentence. *Furman v. State*, 225 Ga. 253 (5) (167 SE2d 628); *Johnson v. Plunkett*, 215 Ga. 353 [110 SE2d 745]; *Dukes v. State*, 109 Ga. App. 825 (1) (137 SE2d 532); *Blake v. State*, 109 Ga. App. 636 (2) (137 SE2d 49)." *Heard v. State*, 126 Ga. App. 62, 64 (1) (189 SE2d 895). This enumeration of error is without merit.

13. Next, the defendant contends "[t]he trial court erred by refusing to rule which list of witnesses was to be used as the list of witnesses during trial." It is not disputed that defendant was informed before trial of the witnesses who were to testify for the State. Under these circumstances, we find no error which requires reversal of defendant's conviction.

14. Next, defendant argues that the trial judge was not qualified to preside over his trial. This argument is without merit.

15. Defendant argues that he did not receive a fair trial in Chatham County, Georgia because of excessive press coverage. Georgia Constitution 1983, Art. VI, Sec. II, Par. VI provides for a change of venue in cases in superior courts only when the judge is satisfied that an impartial jury cannot be drawn. There has been no showing that defendant was not tried by an impartial jury. This argument is without merit. See OCGA § 17-2-2 (a).

16. Defendant argues that the trial court erred in denying his motion to suppress evidence. No physical evidence was produced at trial. Consequently, this issue is moot.

17. Defendant's eighteenth and nineteenth enumerations of error wherein he contends "[t]he trial court erred by denying [him] his rights sua sponte" and "[t]he trial court erred by denying [him] his right to know if the court was at law or in equity" are without merit.

18. In enumeration of error twenty, defendant contends the trial court did not allow him to question the jurors individually on voir dire. This contention is not supported by the record. Upon voir dire, the trial court directed the defendant and the State to first ask general questions and, if necessary, conduct an independent examination of each juror. Defendant was afforded this opportunity.

19. In enumeration of error twenty-one, defendant contends "[t]he trial court erred by denying [him] the opportunity to argue his theory of the case to the jury." This argument is not supported by the record. Defendant was afforded a full and fair opportunity to present his opening statement. The trial court properly limited defendant's opening remarks to matters relevant to jury consideration.

20. Defendant argues the trial court erred in limiting his cross-examination of one of the State's witnesses. In this regard, the trial court did not allow defendant to question one of the arresting officers concerning a conversation which transpired between the officer and an individual who did not witness the incident which gave rise to defendant's arrest. The court found the testimony to be irrelevant.

"Evidence must relate to the questions being tried by the jury and bear upon them either directly or indirectly. Irrelevant matter should be excluded." OCGA § 24-2-1. Since the third party did not witness the incident which gave rise to defendant's arrest, the trial court did not err in excluding the conversation as irrelevant. This enumeration of error is not meritorious.

21. In his twenty-fourth enumeration of error defendant contends "[t]he trial court erred by denying [defendant's] charge to the jury that he was already under arrest the moment he was in custody." In support of this contention, defendant argues that the trial court erred by failing to charge the jury "from Black's Law Dictionary (Fifth Edition) about the standard definition of arrest. . ." This request did not relate to any issue relevant to the jury's consideration and was properly refused. "A request to charge which is irrelevant to all issues to be determined by the jury may be rejected." [*White v. State*, 230 Ga. 327, 338 (7) (196 SE2d 849).] Daniel, Ga. Crim. Trial Prac. (1985 ed.), § 22-6.

22. In his twenty-fifth enumeration of error defendant contends "[t]he trial court erred by denying [defendant's] charge to the jury concerning entrapment and circumstantial evidence."

There was no evidence presented at trial indicating that defendant was entrapped. Further, neither the State nor defendant introduced circumstantial evidence to establish a critical element of their case. Consequently, the trial court did not err in refusing to charge on these principles. See citations in Division 21 of this opinion.

23. In his twenty-third and twenty-sixth enumerations of error defendant contends the evidence was not sufficient to sustain the ver-

dict. We do not agree. The overwhelming evidence presented at trial showed that defendant knowingly and wilfully refused to obey law enforcement officers while they were performing their official duties. See OCGA § 16-10-24. Further, the evidence showed that defendant attempted to strike one of the officers while he was being escorted out of the Clerk's office of the State Court of Chatham County, Georgia. See OCGA § 16-5-20. The evidence was more than sufficient to meet the requirements of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Brooks v. State*, 166 Ga. App. 704, supra.

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED MARCH 17, 1987 —
REHEARING DENIED APRIL 1, 1987.

Gene K. Robinson, *pro se.*

*Spencer Lawton, Jr.*, District Attorney, *Barry I. Mortge*, Assistant District Attorney, for appellee.