## 74993. BARNES v. THE STATE.
### (361 SE2d 876)

Banke, Presiding Judge.

Barnes was convicted of rape, aggravated sodomy, and aggravated assault. He appeals the denial of his motion for new trial. *Held*:

1. The appellant challenges the sufficiency of the evidence, claiming that there was no corroboration of the victim's testimony. There is no longer any requirement that the victim's testimony in a rape case be corroborated. See Ga. L. 1978, p. 3, § 1; *Cuzzort v. State*, 173 Ga. App. 157 (1) (325 SE2d 826) (1984), aff'd 254 Ga. 745 (334 SE2d 661) (1985). Moreover, the victim's testimony in this case was in fact corroborated by the evidence of her outcry to her cousin and to a police officer who interviewed her at the hospital following the incident, as well as by the officer's testimony that he observed bruises and "claw" marks on the victim's body. The evidence in this case was sufficient to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt of each of the three offenses of which he was convicted.

2. The appellant asserts that the state violated his due process rights by failing to provide him with a complete transcript of his preliminary hearing. The record discloses that tape recordings of the preliminary hearing were produced by the state pursuant to a notice to produce but that the recordings were incomplete due to the apparent malfunctioning of the tape recorder used at the hearing. On the first day of trial, the appellant filed a motion to dismiss the indictment based on the state's failure to provide him with a complete record of the committal hearing. He enumerates as error the denial of that motion.

Rules 26.2 (6) and (9) of the Uniform Superior Court Rules require that a record be made of a defendant's probable cause hearing and that such record be made available to him upon payment of costs. However, in decisions issued both before and after the effective date of the Rules, this court has held that the failure to provide an accused with a transcript of his preliminary hearing for purposes of impeaching the witnesses against him does not amount to reversible

error. See *Robinson v. State*, 182 Ga. App. 423 (1) (a) (356 SE2d 55) (1987); *Harper v. State*, 170 Ga. App. 601 (4) (317 SE2d 567) (1984).

In the present case, there was substantial compliance with the rules pertaining to the recordation of the probable cause hearing, and it appears that total compliance was prevented by causes beyond the state's control. Under the circumstances, we hold that the appellant has established no ground either for the dismissal of the indictment or for the reversal of his conviction based on the state's failure to provide him with a complete record of the committal hearing.

3. The appellant contends that the trial court erred in denying his motion to recall the victim and her cousin for further cross-examination following the state's presentation of its case. The appellant's counsel advised the court at that time that the recall of these witnesses was necessary in order to impeach their prior testimony that they had initially sought assistance at Grady Hospital on the morning of the incident but had been referred by Grady personnel to Clayton General Hospital. In denying the motion to recall, the trial court pointed out that the proper method of impeaching the victim and her cousin on this point would be to subpoena Grady Hospital's administrator to testify concerning the hospital's procedures in such instances. We agree. The appellant has failed to establish that the trial court's refusal to allow him to recall these witnesses for further cross-examination constituted an abuse of discretion.

4. The trial court gave the jurors a modified "Allen" or "dynamite" charge (see *Allen v. United States*, 164 U. S. 492 (17 SC 154, 41 LE 528) (1896)), based on their announcement, after several hours of deliberation, that they were unable to agree unanimously on a verdict as to one count of the indictment. The giving of this charge prompted the appellant to move for a mistrial. He assigns as error the denial of that motion.

The charge at issue is identical to that contained in the Council of Superior Court Judges' Suggested Pattern Jury Instructions, Volume II, Criminal (1984). It has previously been approved by our Supreme Court in *Spaulding v. State*, 232 Ga. 411, 413 (207 SE2d 43) (1974). See also *Anderson v. State*, 247 Ga. 397 (276 SE2d 603) (1981); *McMillan v. State*, 253 Ga. 520, 523 (322 SE2d 278) (1984). Accordingly, this enumeration of error is without merit.

5. The appellant submits that the trial court erred in refusing to order a mistrial based on an inconsistency in the verdict. Initially, we note that the Georgia Supreme Court has recently abolished the inconsistent verdict rule in criminal cases. See *Milam v. State*, 255 Ga. 560 (2) (341 SE2d 216) (1986). In the present case, the jury initially found the appellant guilty of both simple and aggravated sodomy in addition to the charges of rape and aggravated assault. Instructing them that they were not authorized to find the appellant guilty of

both simple and aggravated sodomy, the trial court thereupon gave them a complete recharge on the two offenses and sent them back for further deliberations. Thereafter, the jury amended their verdict to find the appellant "guilty of the offense of aggravated sodomy."

"Verdicts are to have a reasonable intendment, are to receive a reasonable construction, and are not to be avoided unless from necessity." OCGA § 17-9-2. Under the present facts, the court did not err in sending the jury back, upon proper instructions, to correct the defect in their original verdict.

6. Finally, the appellant asserts that he received ineffective assistance from his trial counsel. This issue was not raised in the trial court, and consequently the trial court has not had an opportunity to rule on it. Following the procedures set forth in *Smith v. State*, 255 Ga. 654 (3) (341 SE2d 5) (1986), we accordingly vacate the denial of the motion for new trial and remand the case back to the trial court for a hearing and appropriate findings on this issue. In the event the trial court determines that the appellant did receive effective assistance of counsel at trial, then the trial court shall enter a new order denying the motion for new trial, with the appellant's right of subsequent appeal being limited to this issue and this issue only. In the event the trial court determines that the appellant did not receive effective assistance from his trial counsel, then the appellant shall, of course, be entitled to a new trial. But see *Thompson v. State*, 257 Ga. 386 (359 SE2d 664) (1987).

*Judgment vacated and case remanded with direction. Benham, J., concurs. Carley, J., concurs specially.*

CARLEY, Judge, concurring specially.

I fully concur with Divisions 1, 2, 3, 4, 5 and 6 of the majority opinion. With regard to Division 6 of the majority opinion dealing with ineffective assistance of counsel, I agree that the procedure set forth in *Smith v. State*, 255 Ga. 654 (3) (341 SE2d 5) (1986) is applicable and should be followed. However, I disagree with the portion of Division 6 *vacating* the judgment of the court below and with the judgment line to the extent that the judgment of the trial court is vacated. While I agree that the case must be remanded with direction, I believe that, as in *Smith*, the judgment should be affirmed subject to that remand with direction. Accordingly as in *Smith*, the judgment line in this case should be: Judgment affirmed and case remanded with direction. See also *Hambrick v. State*, 256 Ga. 141 (344 SE2d 639) (1986).

DECIDED OCTOBER 14, 1987.

*Edward K. Albrecht, Alice C. Stewart*, for appellant.

516

*Robert E. Keller, District Attorney, Deborah Benefield, Assistant District Attorney,* for appellee.