A90A1336. TOWNS v. THE STATE.
(399 SE2d 561)

Carley, Chief Judge.
Appellant and a co-defendant were tried before a jury and both were found guilty of rape. The conviction and sentence entered against appellant's co-defendant was affirmed by this court in *Ford v. State*, 189 Ga. App. 395 (376 SE2d 418) (1988). Appellant now appeals from the judgment of conviction and sentence entered against him.

1. Appellant enumerates the general grounds, "claiming that there was no corroboration of the victim's testimony. There is no longer any requirement that the victim's testimony in a rape case be corroborated. [Cits.] Moreover, the victim's testimony in this case was in fact corroborated. . . . The evidence in this case was sufficient to

enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt of . . . the [offense] of which he was convicted." *Barnes v. State*, 184 Ga. App. 513 (1) (361 SE2d 876) (1987).

2. In related enumerations of error, appellant urges that the trial court erroneously refused to allow the introduction of evidence regarding the victim's purported prior false accusations of rape against another man. See *Smith v. State*, 259 Ga. 135, 136 (1) (377 SE2d 158) (1989).

Appellant and his co-defendant were represented by different counsel. Appellant's counsel conducted a cross-examination of the victim without ever seeking to pursue the topic of her purported prior false allegations of rape. It was only during the cross-examination of the victim by counsel for appellant's co-defendant that this evidentiary issue was ever raised and ruled upon. The record shows that appellant's counsel never joined co-defendant's counsel in the effort to adduce the evidence. Accordingly, appellant cannot now raise the issue on appeal. " 'If several parties are entitled to make an objection, and it is made by any number less than all, it does not inure to the advantage of the party or parties not joining in it.' [Cit.] Thus, where a defendant does not expressly adopt the objection of a co-defendant, he thereby waives that objection and may not utilize it to gain review. [Cits.] In the instant case[, appellant] waived any objection [to the trial court's evidentiary ruling] by failing to adopt the objection of [his co-defendant]." *Barnes v. State*, 168 Ga. App. 925, 926 (2) (310 SE2d 777) (1983).

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 29, 1990.

*Robert H. Reeves*, for appellant.
*John R. Parks, District Attorney, Barbara A. Becraft, Assistant District Attorney*, for appellee.