## 62583. THE STATE v. SCOTT.

QUILLIAN, Chief Judge.

The state appeals from the grant of the defendant's motion to suppress evidence seized by the police during an investigatory incident involving the defendant's automobile.

Detective Joe Reames of the Augusta Police Department was investigating a burglary of a wholesale grocery in which cartons of cigarettes were the only items known to have been taken. No tax stamps had been affixed to the cigarettes as a wholesale grocer is not required to affix stamps until the cigarettes are sold. A wallet was found at the scene of the burglary belonging to the co-defendant Garfield Surry. Surry was arrested and he named the defendant as an accomplice. While Surry was being transported downtown in a police car he pointed out an automobile parked at a service station as the one used to transport the stolen cigarettes and identified it as belonging to the defendant. The officer checked the license number of the vehicle and verified that it was registered to Randolph Scott — the defendant. Thereafter the officer approached the car "to determine if there was any evidence of the crime located within the vehicle." Detective Reames stated that he saw three packs of cigarettes on the front seat. He walked around the car and "peered in from several different vantage points and in so doing, was able to make a determination that the packs of cigarettes on the front seat of the automobile had no Georgia tax stamp affixed." The officer requested a tow truck and had the vehicle impounded.

A search warrant for the car was obtained and approximately 30 packages of cigarettes — without tax stamps, were found and removed from the car. At the hearing on the motion to suppress the state contended the detective's inspection at the service station came within the "plain view" exception to the requirement for obtaining a search warrant prior to a search and seizure. However, the trial court held there was a "three-pronged test in order to have a plain view exception [as] set out in Coolidge v. New Hampshire, 403 U. S. 443, 454 (20 LE2d 564; 91 SC 2022) . . .(1) the object must be inadvertently discovered; (2) the police officer must have a legal right to be in a position to make the discovery; and (3) it must be immediately apparent that the object is contraband or fruits of a crime." The judge found "the inadvertence requirement as being the law of this state, *Lentile v. The State,* 136 Georgia Appeals 611, 614; *Lowe v. The State,* 230 Georgia 134, 163 . . ." The trial court further found that the "plain view exception [to the warrant requirement] must be unmotivated by any desire to locate incriminating evidence.' *Berger v. The State,* 150 Georgia Appeals 166, 169 . . ." The state appeals

from the trial court's ruling suppressing the evidence found in the defendant's automobile. *Held:*

1. We disagree with the trial court's ruling for a number of reasons. First, the officer viewed the interior of the defendant's vehicle from the outside of the car where it was parked at a public service station and where the officer had a legitimate right to be. The U. S. Supreme Court has held that "[a]n examination of a boat with a search light [from the deck of an adjacent Coast Guard ship] before boarding her is not an unconstitutional search, and discovery thereby of illicit liquor is admissible in evidence." United States v. Lee, 274 U. S. 559 (5) (47 SC 746, 71 LE 1202). "It has long been settled that objects falling in plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence." Harris v. United States, 390 U. S. 234, 236 (5) (88 SC 992, 19 LE2d 1067); Accord: Hester v. United States, 265 U. S. 57, 58 (44 SC 445, 68 LE 898) ("defendant's own acts and those of his associates disclosed" the incriminating evidence); Ker v. California, 374 U. S. 23, 43 (83 SC 1623, 10 LE2d 726) ("the officer merely saw what was placed before him in full view.").

2. Secondly, we agree with the state's contention that Coolidge v. New Hampshire, 403 U. S. 443, 469 (91 SC 2022, 29 LE2d 564) does not require exclusion of the evidence seized from defendant's automobile. The trial court found "the inadvertence requirement" of Coolidge "as being the law of this State" and any claim by the state for the " 'plain view exception must be unmotivated by any desire to locate incriminating evidence.' " We cannot agree with this latter statement. The trial court cited *Berger v. State,* 150 Ga. App. 166, 169, supra, and *Lowe v. State,* 230 Ga. 134, 136, supra, as authority for his holding. Both cases found that evidence seized during a search was admissible and gave as one of the reasons that the evidence was discovered inadvertently and unmotivated by any desire to locate incriminating evidence. We do not disagree with either of those findings for admission of evidence, but the obverse of those rulings does not logically follow for exclusion of evidence — i.e. that it is required in all cases in which the state claims a "plain view" exception that the finding must be "inadvertent" and "unmotivated by any desire to locate incriminating evidence."

Federal courts, in interpreting Coolidge's triumvirate: (1) the initial intrusion must have been lawful, (2) the discovery of the evidence must have been inadvertent, and (3) the incriminating nature of the evidence must have been immediately apparent; have held that "[t]he expectation that such evidence will be discovered does not preclude operation of the plain view exception to the warrant requirement." United States v. Cushnie, 488 F2d 81, 82 (5th Cir.

1973); U. S. cert. den. 419 U. S. 968; Accord: United States v. Worthington, 544 F2d 1275 (5th Cir. 1977), U. S. cert. den. 98 SC 55 — see fn. 4 at 1280; United States v. Bolts, 558 F2d 316, 320 (5th Cir. 1977). The basis for such holding is obvious. Coolidge's requirements apply to situations wherein the police have *probable cause* in advance of the search to expect to find the evidence which they subsequently seize. See Coolidge v. New Hampshire, 403 U. S. at 470. Thus, if probable cause to search existed the agents should have procured a warrant prior to the search. However, if the police only suspect such evidence might be present — or are hopeful it will be present, this standard has been held insufficient to justify issuance of a warrant. Wong Sun v. United States, 371 U. S. 471, 479 (83 SC 407, 9 LE2d 441). Accordingly, defendants attempt to take advantage of both sides of the issue. If probable cause exists for a search they claim the "plain view" of incriminating evidence will not serve as a basis for admissibility because the discovery was not inadvertent. Coolidge v. New Hampshire, 403 U. S. 443, 467, supra. Conversely, if probable cause did not exist for the search, and the police relied only upon suspicion or hope, then they can argue the entire search is void — even though incriminating evidence was found in "plain view." Wong Sun v. United States, 371 U. S. 471, 479, supra.

We agree with the Federal Courts, where the investigating police "did not 'know' in advance that they would find the additional [evidence] in plain view and that, in the absence of this knowledge, their discovery was inadvertent . . . For the government to be charged with advance knowledge, *it must* at the very least *have had probable cause* to believe that the additional [evidence] would be found . . . Mere *expectation or suspicion* that discovery would occur *does not preclude application of the plain view doctrine."* (Emphasis supplied.) United States v. Liberti, 616 F2d 34, 37 (2d Cir. 1980); Accord: United States v. Cushnie, 488 F2d 81, 82, supra; United States v. Worthington, 544 F2d 1275, supra; United States v. Bolts, 558 F2d 316, 320, supra; United States v. Hare, 589 F2d 1291 (6) (6th Cir. 1979).

Further, Coolidge is inapposite because it was premised on "the initial intrusion" being legal. 403 U. S. at 466. There was no "intrusion" of a constitutionally protected area at the service station in the instant case. Secondly, even though the defendant claims the protection of the Fourth Amendment — which deals with the "legitimate expectation of privacy in the invaded place" (Rakas v. Illinois, 439 U. S. 128, 143 (99 SC 421, 58 LE2d 387)), a person has less expectation of privacy with respect to one's automobile than one's home or office. South Dakota v. Opperman, 428 U. S. 364, 367 (96 SC 3092, 49 LE2d 1000). And, what a person knowingly exposes to the

public view — as the cigarettes were in the present case, is not the subject of Fourth Amendment protection. Katz v. United States, 389 U. S. 347 (88 SC 507, 19 LE2d 576).

Finally, the plurality opinion in Coolidge — concurred in by only three justices, held that Coolidge would not apply to "contraband, nor stolen, nor dangerous" items seized during a lawful search. United States v. Liberti, 616 F2d 34, 36, supra. The court, in Coolidge, stated: "But to extend the scope of such an intrusion to the seizure of objects — not contraband, nor stolen, nor dangerous in themselves — which the police know in advance they will find in plain view and intend to seize, would fly in the face of the basic rule that no amount of probable cause can justify a warrantless seizure." 403 U. S. at 471. Justice White also read the principal opinion as not applying to contraband or stolen goods. 403 U. S. at 519. The case before us on this appeal involves stolen goods and Coolidge is inapposite.

3. We find the trial court erred in finding a violation of Coolidge's "plain view" doctrine based on lack of inadvertence and the desire of the investigating officer to locate incriminating evidence, as there was no intrusion, no legitimate expectation of privacy in objects exposed to public view in an automobile parked at a service station, the sighting was "inadvertent" as that term is used in Coolidge, and Coolidge is inapposite to situations involving stolen goods in plain view of an officer who had the right to be at the place where he observed the stolen property. See *Speight v. State,* 159 Ga. App. 5 (2); Colorado v. Bannister, —— U. S. —— (—— SC ——, 66 LE2d 1); 28 Cr.L. 4043.

The trial court erred in suppressing the evidence seized from the defendant's car.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED OCTOBER 8, 1981.

*Sam B. Sibley, Jr., District Attorney, William H. Lumpkin, Assistant District Attorney,* for appellant.

*James M. Thompson, Larry I. Smith,* for appellee.