A90A0449, A90A0450. FREEMAN v. THE STATE (two cases).
(392 SE2d 330)

BIRDSONG, Judge.

Appellant, Mute Freeman a/k/a Louis E. De Broux, Jr., appeals his misdemeanor conviction in Case No. A90A0449 for simple assault in violation of OCGA § 16-5-20, and his misdemeanor convictions in Case No. A90A0450 for attempting to elude in violation of OCGA § 40-6-395 and obstruction of law enforcement officer in violation of OCGA § 16-10-24.

In both cases appellant contested, inter alia, the jurisdiction of the court and asserted a plea of mute. The trial court entered pleas of not guilty in appellant's behalf. *Held*:

*I. Case Nos. A90A0449 & A90A0450*

1. Review of the transcripts in a light most favorable to the jury's verdict reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offenses charged in both Case No. A90A0449 and Case No. A90A0450 of which appellant was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. In both cases appellant pled mute, and now asserts that in both cases the state court lacked both personal and subject matter jurisdiction. This assertion is without merit.

The offenses averred in both accusations were misdemeanor offenses. The accusations in both cases were sufficient within the meaning of OCGA § 17-7-71. See Division 8, below. Regarding subject matter jurisdiction, state courts have jurisdiction to try criminal cases involving misdemeanors. Ga. Const. of 1983, Art. VI, Sec. III, Par. I; OCGA §§ 15-7-4 (1); 33-34-12.2. Regarding personal jurisdiction, OCGA § 17-2-1 (b) pertinently provides that "a person shall be subject to prosecution in this state for a crime which he commits, while either within or outside the state, by his own conduct . . . if: (1) [t]he crime is committed either wholly or partly within the state." In the case sub judice, there is undisputed testimony that the misdemeanor crimes of attempting to elude and obstruction of a law enforcement officer of which appellant was convicted occurred in DeKalb County, Georgia. Further, appellant was identified in both cases as the perpetrator of the offenses, and incidentally, this evidence was not controverted by other evidence of record. Accordingly, the record affirmatively establishes that the State Court of DeKalb County exercised both personal and subject matter jurisdiction over appellant. Compare *Robinson v. State*, 182 Ga. App. 423 (2) (356 SE2d 55).

3. Any errors asserted in the notice of appeal of these cases which were supported neither by argument nor citation of authority in appellant's brief are deemed to have been abandoned. Court of Appeals Rule 15 (c); *Adams v. State*, 187 Ga. App. 340 (3) (370 SE2d 197).

4. Appellant's first, second, and third enumerations of error in each of these cases are without merit.

The trial court in both cases instructed the jury as follows: "Members of the jury, you are the judges of both the law and the facts of this case." This charge embodies a correct principle of law and was tailored adequately to the operative circumstances of this case. See generally Ga. Const. of 1983, Art. I, Sec. I, Par. XI (a).

The trial court's refusal to allow the jury to be given and to use in their deliberations copies of the Constitutions of the United States and of Georgia, was not error. Appellant's request that the jury be provided with such legal authority was in substance a request that the jury be provided written instructions in the form of copies of both of these documents. Clearly both documents contain certain pronouncements of law totally irrelevant to the disposition of Case Nos. A90A0449 and A90A0450. A trial judge in a criminal case is required to deliver a charge tailored to the indictment and adjusted to the evidence. *State v. Braddy*, 254 Ga. 366, 368 (330 SE2d 338). Providing the jury with copies of both these entire documents in question would have violated this requirement. Moreover, providing the jury with

these documents in toto would create a fair risk of confusion and might reasonably draw the jury away from the true issues in dispute. Under these circumstances it would have constituted harmful error for the trial court to grant appellant's request. Compare *Crosby v. State*, 150 Ga. App. 555 (2) (258 SE2d 264). Accordingly, we find the trial court did not commit reversible error in either Case No. A90A0449 or A90A0450 by denying appellant's requests.

5. The trial court did not abuse its discretion in refusing to answer appellant's demand for a bill of particulars. *Ward v. State*, 188 Ga. App. 372 (2) (373 SE2d 65). A bill of particulars is not a recognized pleading in this state. Id. The accusations in both cases informed appellant of the charges against him in sufficient detail. There was no error of constitutional magnitude or otherwise.

6. There was no error of constitutional magnitude or otherwise in denying appellant's request to be represented by a non-lawyer counsel. *Cruickshank v. State*, 258 Ga. 544 (372 SE2d 223), citing *Lebrun v. State*, 255 Ga. 406 (2) (339 SE2d 227); *Robinson v. State*, 182 Ga. App. 423 (5) (356 SE2d 55) and cases therein cited; *United States v. Wright*, 568 F2d 142 (1) (3) (USCA 9th Cir.); accord *United States v. Hoffman*, 733 F2d 596 (3) (USCA 9th Cir.).

7. Appellant asserts that he has been prosecuted maliciously, necessitating case reversal. We disagree. "From the beginning of our criminal justice system prosecutors have exercised the power of prosecutorial discretion in deciding which defendants to prosecute." *State v. Hanson*, 249 Ga. 739, 742-743 (1) (295 SE2d 297). We find no breach of discretion in the prosecution of either Case No. A90A0449 or A90A0450, nor do we find selective prosecution occurred in either case, within the meaning of *Sabel v. State*, 250 Ga. 640 (4) (300 SE2d 663).

## II. Case No. A90A0449

8. Appellant asserts that it was error not to grant his oral motion to dismiss on the grounds the statute of limitation had expired.

The averred offense occurred on May 13, 1986. On August 27, 1986, the State filed an accusation in the State Court of DeKalb County charging appellant with simple assault, on May 13, 1986, by placing B. J. Krise in reasonable apprehension of being hit in the face in violation of OCGA § 16-5-23. On August 28, 1989, an amended accusation was filed charging appellant with simple assault, on May 13, 1986, by placing B. J. Krise in reasonable apprehension of being hit in the face in violation of OCGA § 16-5-20.

OCGA § 17-3-1 (d) provides that prosecution for misdemeanors must be commenced within two years after the commission of the crime. However, the period of limitation runs from the commission of

the offense to the date of filing of the indictment or accusation (*Cain v. State*, 144 Ga. App. 249 (1) (240 SE2d 750)) and not from the onset of trial. *Peavy v. State*, 179 Ga. App. 397 (1) (346 SE2d 584).

As the date of the filing of the original accusation was within two years of the date of the offense of simple assault, we find that the statute of limitation had not run so as to bar prosecution. Moreover, the original accusation stated the offense of simple assault so plainly that the nature of the offense could be easily understood by both the appellant and the jury. Thus, it shall be deemed "sufficiently technical and correct." OCGA § 17-7-71 (c). Moreover, prior to trial, the prosecuting attorney may amend an accusation to allege or to change the allegations regarding any offense arising out of the same conduct of the defendant which gave rise to any offense alleged or attempted to be alleged in the original accusation. OCGA § 17-7-71 (f). The original accusation was valid within the meaning of OCGA § 17-7-71 (c), and the subsequent authorized amendment of the accusation, after the two-year period, did not serve to negate the prior valid commencement of prosecution for the misdemeanor offense which occurred before the expiration of the operative statute of limitations.

9. Appellant asserts that the trial court erred by letting stand the State's remarks in closing argument that appellant had intended to harm the alleged victim of the averred simple assault.

The record reflects that appellant did not timely object at trial to the State's closing argument. Failure to do so constitutes waiver. *Davis v. Jones*, 189 Ga. App. 569 (3) (377 SE2d 163). Moreover, during closing argument, the parties may draw remote deductions and inferences from the evidence, and there is no basis for objection even if the deductions and inferences are illogical or unreasonable. *Callahan v. State*, 179 Ga. App. 556 (347 SE2d 269).

10. Appellant asserts that the trial court erred in declining to issue a directed verdict when the State's only witness, the averred victim, testified under oath she had perpetrated an actionable offense, to wit: theft by conversion against appellant.

Review of the record reveals that the State's witness did not make an admission in judicio to any offense of theft. The record is void of any affirmative evidence that the witness obtained possession of appellant's check without his permission or that she declined to return it promptly to him after he made an express demand for its return. In any event, "a motion for directed verdict in a criminal trial should only be granted where there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law." *Taylor v. State*, 252 Ga. 125 (1) (312 SE2d 311). The posture of the evidence in this case does not demand a verdict of acquittal within the meaning of *Taylor*.

11. Appellant asserts that the trial court erred in requiring as

part of the sentence that he undergo psychiatric examination and that he be barred from any communication with the averred victim in violation of Georgia Constitution of 1983, Art. I, Sec. I, Par. XVII. We disagree.

The record in this case is replete with evidence supporting the reasonableness of the sentencing conditions imposed by the trial court. "The probation and suspension statutes in Georgia vest broad discretion in trial judges. . . . [A]ny reasonable condition imposed for probation or suspension of a sentence by a trial court should . . . be approved." *West v. State*, 160 Ga. App. 855, 856 (4) (287 SE2d 694). " '(T)his court is not empowered to modify a sentence which is within the statutory limits and lawfully imposed.' " *Morrison v. State*, 181 Ga. App. 440 (352 SE2d 622). Accordingly, appellant's assignment of error is without merit.

Moreover, the trial record reflects that in response to the trial court's order that appellant not contact the averred victim, appellant replied, "I fully understand that, and I don't intend to." And, that in response to the prosecutor's recommendation that appellant undergo psychiatric evaluation and treatment, if necessary, appellant replied, "I wholeheartedly agree with that," and thereafter informed the trial judge, "I totally completely agree with the representative of the State with regard to that matter." Thus, not only did appellant fail to make timely objection as to the matters of which he now complains, he acquiesced in the trial court's ruling and thereby aided in causing the resulting conditions to be imposed. Therefore, appellant has preserved no issue as to these matters for our review. *Whisnant v. State*, 178 Ga. App. 742, 744 (344 SE2d 536); *Rush v. Southern Property Mgmt.*, 121 Ga. App. 360, 361 (173 SE2d 744).

### III. Case No. A90A0450

12. Appellant asserts that the trial court erred in failing to grant his oral motion to dismiss on the grounds that the statute of limitation, OCGA § 17-3-1, had expired, thereby barring his prosecution.

The averred offenses of attempting to elude and obstruction of a law enforcement officer occurred on May 25, 1986. On July 23, 1986, the State filed an accusation in the State Court of DeKalb County charging that appellant, on May 25, 1986, committed the offense of attempting to elude by wilfully attempting to elude a pursuing police officer after being given both visual and audible signals to stop in violation of OCGA § 40-6-395; and, that appellant, on May 25, 1986, committed the offense of obstruction of a law enforcement officer by knowingly and wilfully obstructing Trooper J. M. Gordon, a law enforcement officer, in the lawful discharge of his official duties by physically resisting arrest and fleeing from Trooper Gordon in violation of

OCGA § 16-10-24.

This accusation was valid and "sufficiently technical and correct" within the meaning of OCGA § 17-7-71 (c). Accordingly, we are satisfied, for the reasons enumerated in Division 8, above, that the statute of limitation had not run, and that this enumeration of error is without merit.

Appellant's remaining enumerations of error and assertions, contained in both Case Nos. A90A0449 and A90A0450, are without merit.

*Judgments affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED MARCH 15, 1990 —

Mute Freeman, *pro se.*

*Ralph T. Bowden, Jr., Solicitor, Andrew Rogers, Assistant Solicitor,* for appellee.