A91A1899. THE STATE v. BRYANT.
(416 SE2d 368)

SOGNIER, Chief Judge.

Robin Bryant was charged with possession of marijuana. The trial court granted his motion to suppress the contraband seized from his car by the arresting officer, and the State appeals.

At the hearing on the motion to suppress, Officer Joe Berardesco of the Clarke County Police Department testified that he was on routine patrol on the afternoon of December 16, 1990, when he saw appellee's car parked in a shopping center parking lot at an angle so that it occupied two parking spaces. Officer Berardesco parked some distance away and watched appellee and his passenger, and observed that the two men were "watching me pretty regularly from the [car

rear view] mirror." Appellee then drove off and parked in another parking space several rows away, this time occupying only one parking space. Berardesco testified that he followed in his car, parked in a nearby space, and walked toward the passenger side of appellee's car with the intention of "just telling him . . . could he please park correct[ly]." When he looked inside the car, Berardesco observed marijuana seeds and leaves on the console. He informed appellee that he was under "investigative detention" because of the contraband and asked him for permission to search the car. Appellee consented, and the ensuing search yielded five marijuana cigarette butts.

The State contends on appeal that the marijuana seeds and leaves should be admitted under the plain view doctrine because no arrest or seizure occurred before Berardesco saw the contraband, and because the evidence was obtained while he was lawfully in the parking lot and saw the contraband in plain view. The plain view doctrine applies when "the police officer . . . had a prior justification for an intrusion in the course of which he came inadvertently across a piece of evidence incriminating the accused." *Coolidge v. New Hampshire*, 403 U. S. 443, 466 (91 SC 2022, 29 LE2d 564, 583) (1971). Our courts have recognized that this principle extends to the observation of evidence in plain view inside automobiles when the officer was lawfully at the place where he observed the incriminating evidence. *State v. Key*, 164 Ga. App. 411 (296 SE2d 60) (1982) (officer responded to radio call to investigate suspicious person in car parked on roadside at 2:40 a.m.); *State v. Scott*, 159 Ga. App. 869 (285 SE2d 599) (1981) (detective looked into parked car identified by suspect in custody as belonging to accomplice and used in commission of burglary).

The trial court concluded that Officer Berardesco's contact with appellee was unlawful because it was pretextual rather than founded on an articulable suspicion, and as a result the plain view doctrine did not apply. We disagree and reverse.

Decisions of the U. S. Supreme Court have delineated " 'three tiers of police-citizen encounters: [1] communication between police and citizens involving no coercion or detention and therefore without the compass of the Fourth Amendment, [2] brief "seizures" that must be supported by reasonable suspicion, and [3] full-scale arrests that must be supported by probable cause. (Cits.)' [Cit.]" *McAdoo v. State*, 164 Ga. App. 23, 26 (295 SE2d 114) (1982). A seizure results only if in view of all the circumstances surrounding the incident, a reasonable person would have concluded he was not free to leave. Id. at 27. "Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a seizure has occurred. The purpose of the Fourth Amendment is not to eliminate all contact between the police and the citizenry, but to prevent arbitrary and oppressive interference by en-

forcement officials with the privacy and personal security of individuals. As long as the person to whom questions are put remains free to disregard the questions and walk away, there has been no intrusion upon that person's liberty or privacy as would under the Constitution require some particularized and objective justification." (Citations and punctuation omitted.) *King v. State*, 161 Ga. App. 382 (1) (288 SE2d 644) (1982).

In the case at bar, we find that Officer Berardesco's approach to the car constituted a simple police-citizen communication with no restraint of liberty. Although he was in uniform, there is no evidence that his weapon was drawn or that he called to appellee and his passenger to halt or otherwise restricted them from driving away. See *Verhoeff v. State*, 184 Ga. App. 501, 503-504 (362 SE2d 85) (1987). Even though Berardesco had been watching appellee, he did nothing to preclude him from driving away from the shopping center. Accordingly, no reasonable suspicion was required for his approach to the car, and thus he was lawfully in the presence of appellee so as to invoke the plain view doctrine. Consequently, the marijuana seeds and leaves were admissible. *State v. Scott*, supra at 870 (1).

Moreover, once the officer lawfully observed the marijuana seeds and leaves in plain view, he then had authority to detain appellee and his passenger, as he had probable cause to believe that a crime had been or was being committed. See *Moran v. State*, 170 Ga. App. 837, 840 (318 SE2d 716) (1984). The additional contraband Berardesco obtained during his subsequent search was admissible because appellee consented to the search and it was not tainted by an improper seizure or arrest. See *Dean v. State*, 250 Ga. 77, 79-81 (2) (295 SE2d 306) (1982); compare *Brown v. State*, 188 Ga. App. 184 (372 SE2d 514) (1988). Given these conclusions, we hold the trial court erred by granting the motion to suppress. See *State v. Scott*, supra.

*Judgment reversed. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 25, 1992.

*Kenneth W. Mauldin, Solicitor, Ralph W. Powell, Jr., Assistant Solicitor*, for appellant.

*J. Michael Mullis, Vicki C. Affleck*, for appellee.