## A95A1867. THE STATE v. BURNETT.
(469 SE2d 324)

BEASLEY, Chief Judge.

The State appeals from the trial court's grant of defendant's motion to suppress evidence seized after he was arrested. There is evidence that defendant struggled with police and was in possession of cocaine, so he was indicted for possession of cocaine with intent to distribute (OCGA § 16-13-30) and obstruction of two officers (OCGA § 16-10-24).

The defendant's motion prompted a hearing, at which the burden was on the State to prove that the arrest and seizure without warrant were justified. OCGA § 17-5-30 (b); *Baez v. State*, 206 Ga. App. 522, 526 (1) (425 SE2d 885) (1992). The State presented one of the officers involved, as its sole witness. After the hearing, both the State and defendant submitted briefs, and the court thereafter issued an extensive order granting the motion.

The standard of review on appeal, with respect to the facts, is the "clearly erroneous" one, so if there is "any evidence" to support them, they control. As summarized in *Morgan v. State*, 195 Ga. App. 732, 735 (3) (394 SE2d 639) (1990): "When reviewing a trial court's decision on a motion to suppress, this court's responsibility is to ensure that there was a substantial basis for the decision. [Cit.] The evidence is construed most favorably to uphold the findings and judgment, and

the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous. [Cits.] Further, since the trial court sits as the trier of fact, its findings are analogous to a jury verdict and will not be disturbed if there is any evidence to support them. [Cit.]"

The transcript of the hearing shows that the court's detailed findings of fact are supported by the evidence. The court found that when the officer seized defendant by grabbing his pants as a precaution against him running away from the officer instead of being subjected to questioning, there was not even a reasonably articulable suspicion that defendant had committed or was committing a crime. In fact, the officer testified that he wanted to talk to defendant because he and his companion were in a "small drug area" and when the police car was seen, the companion had fled. This made both of them "suspicious," and the officer wanted to find out who defendant was and whether there were any warrants for his arrest.

As the trial court correctly concluded, this exceeded the bounds of brief intrusion permitted under the Fourth Amendment by *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968). The totality of the circumstances did not show "a particularized and objective basis for suspecting [Burnett] of criminal activity." *United States v. Cortez*, 449 U. S. 411, 417-418 (101 SC 690, 66 LE2d 621) (1981). Moreover, the facts found by the trial court constituted even more than a brief *Terry* stop when the officer grabbed his pants so he could not leave. This constituted a seizure because "a reasonable person would have believed that he was not free to leave." (Footnote omitted.) *United States v. Mendenhall*, 446 U. S. 544, 554 (100 SC 1870, 64 LE2d 497) (1980).

Based on these authorities, and in concert with state cases applying their principles, which cases were analyzed by the trial court, we hold that it did not err in suppressing the evidence.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 9, 1996.

*Britt R. Priddy, District Attorney, Johnnie M. Graham, Sadhana Pandey, Assistant District Attorneys*, for appellant.
*James N. Finkelstein*, for appellee.