A96A1359. LEE v. THE STATE.
(474 SE2d 281)

BLACKBURN, Judge.

Renata Gunter Lee appeals her conviction, rendered at a bench trial, of driving under the influence of alcohol (DUI) in violation of OCGA § 40-6-391 (a) (1).[1]

Lee was involved in a vehicle collision caused by another driver and was transported to Hamilton Medical Center's emergency room.

---

[1] OCGA § 40-6-391 (a) (1) provides in pertinent part: "A person shall not drive or be in actual physical control of any moving vehicle while . . . [u]nder the influence of alcohol to the extent that it is less safe for the person to drive."

At the accident scene, the investigating officer, Trooper Robert Turner, detected the smell of alcoholic beverage in Lee's vehicle and went to interview her at the hospital. While Lee was lying on a backboard in the emergency room awaiting treatment, Trooper Turner detected the smell of alcoholic beverage on her person and observed her to have "glassy eyes." Lee admitted she had been drinking earlier that day. A blood test was performed, and it revealed Lee's blood alcohol content was .10 percent.

1. Lee contends that the trial court did not have jurisdiction over her misdemeanor DUI traffic offense. We disagree. "The superior courts have concurrent jurisdiction over misdemeanors with inferior courts. Ga. Const., Art. VI, Sec. I, Par. IV; OCGA § 15-6-8." *Hall v. State*, 200 Ga. App. 585, 588 (409 SE2d 221) (1991).

2. In her second enumeration of error, Lee claims that the trial court erred in denying her motion in limine to suppress blood evidence. Specifically, Lee contends that she was never arrested and that in the absence of an arrest, the blood evidence must be suppressed in accordance with OCGA § 40-5-67.1 (a).[2]

OCGA § 17-4-1 states that "[a]n actual touching of a person with a hand is not essential to constitute a valid arrest. If the person voluntarily submits to being considered under arrest or yields on condition of being allowed his freedom of locomotion, under the discretion of the officer, the arrest is complete." *Clements v. State*, 226 Ga. 66, 67 (172 SE2d 600) (1970) (an arrest is accomplished whenever the liberty of another to come and go as he pleases is restrained, no matter how slight such restraint may be). Trooper Turner testified that he placed Lee under arrest prior to reading her the DUI implied consent warning and Lee indicated that she understood.

"When reviewing a trial court's decision on a motion to suppress, this court's responsibility is to ensure that there was a substantial basis for the decision. The evidence is construed most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous. Further, since the trial court sits as the trier of fact, its findings are analogous to a jury verdict and will not be disturbed if there is any evidence to support them." (Citations and punctuation omitted.) *State v. Burnett*, 220 Ga. App. 133 (469 SE2d 324) (1996). The trial court's finding that Lee was placed under arrest is sup-

---

[2] OCGA § 40-5-67.1 (a) provides in pertinent part: "The test or tests required . . . shall be administered as soon as possible at the request of a law enforcement officer having reasonable grounds to believe that the person has been driving or was in actual physical control of a moving motor vehicle upon the highways or elsewhere throughout this state in violation of Code Section 40-6-391 and the *officer has arrested* such person for a violation of Code Section 40-6-391, any federal law in conformity with Code Section 40-6-391, or any local ordinance which adopts Code Section 40-6-391." (Emphasis supplied.)

ported by the evidence, and therefore, it will not be reversed.

Alternatively, Lee contends that the arrest was lacking probable cause. For an officer to have sufficient probable cause to conduct a valid DUI arrest, he must have "knowledge or reasonably trustworthy information that: (1) defendant was in actual physical control of a moving vehicle; (2) while under the influence of any drug; (3) to a degree which renders defendant incapable of driving safely." *Griggs v. State*, 167 Ga. App. 581, 582 (307 SE2d 75) (1983). Lee was driving a motor vehicle at the time the accident occurred. The smell of alcoholic beverage was present in Lee's car, she displayed the physical symptoms of someone who had been drinking, and she admitted consuming alcohol earlier in the day. This information was reasonably trustworthy and enabled Trooper Turner to conclude that Lee was under the influence of a drug which would prevent her from driving safely. Consequently, Trooper Turner had probable cause to arrest Lee.

Lee further contends that the blood evidence was obtained by Turner in a coercive manner. Specifically, Lee claims Turner told her that if she refused to take the test, he would take her license away. Turner testified that he read the DUI implied consent warning mandated by law which requires a driver to be informed that refusal to submit to the testing may result in suspension of their license. OCGA § 40-5-67.1 (b) (2). Turner was merely complying with the implied consent law when he read the license revocation statement to Lee and was not acting coercively.

3. In her final enumeration of error, Lee contends that the evidence was insufficient to prove her guilt beyond a reasonable doubt. In light of the evidence outlined above, we conclude that a rational trier of fact could have found Lee guilty beyond a reasonable doubt of driving under the influence of alcohol in violation of OCGA §40-6-391 (a) (1). *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED AUGUST 1, 1996.

*Michael R. McCarthy*, for appellant.

*Kermit N. McManus, District Attorney, Mark P. Higgins, Jr., Assistant District Attorney*, for appellee.