A97A1065. SINGLETERRY v. THE STATE.
(489 SE2d 42)

Judge Harold R. Banke.

Dana Singleterry was convicted of driving with an unlawful alcohol concentration. He enumerates three errors on appeal.

This case arose after Singleterry sped past a law enforcement officer running radar in the early morning hours. *Price v. State*, 222 Ga. App. 655, 657 (2) (475 SE2d 692) (1996) (evidence on appeal must be viewed in a light most favorable to the verdict). Once Singleterry's Jeep stopped, the officer noticed the smell of alcohol and Singleterry's glassy eyes and asked if he had been drinking. Singleterry answered in the negative. When the two men walked over to the patrol car to examine the radar screen, the officer again noticed the smell of alcohol and asked Singleterry to take some field sobriety tests. When Singleterry declined, the officer arrested him for driving while intoxicated and read him the implied consent warning.

Although Singleterry initially refused to undergo a blood test, ultimately he agreed to a breath test. He was taken to the police department where he registered a .150 on the Intoximeter 5000. *Held*:

1. We reject Singleterry's contention that his arrest was unsupported by probable cause. " 'The same strictness of proof required for a finding of guilt is not necessary for probable cause. (Cit.)' " *Campbell v. State*, 221 Ga. App. 105, 107 (2) (470 SE2d 503) (1996). The record shows that before the arrest the officer observed Singleterry speeding and swerving within his lane and noticed the smell of alcohol, his glassy, watery eyes, and slowness in exiting his car. While this evidence, without more, may be inadequate to support a conviction, it was sufficient to establish probable cause to arrest. See *Lee v. State*, 222 Ga. App. 389, 391 (474 SE2d 281) (1996); *Martin v. State*, 214 Ga. App. 614, 616 (1) (448 SE2d 471) (1994). Singleterry's reliance on such cases as *Clay v. State*, 193 Ga. App. 377, 378 (2) (387 SE2d 644) (1989), and *Mulling v. State*, 156 Ga. App. 404 (1) (274

SE2d 770) (1980), which address sufficiency of the evidence required to convict, is misplaced.

2. Singleterry maintains that the State's use of a breath testing device inspection certificate, authorized under OCGA § 40-6-392 (f), violated his right to confrontation. The Supreme Court recently rejected this argument in *Brown v. State*, 268 Ga. 76 (485 SE2d 486) (1997), holding that the certificate was admissible as a business record.

3. We reject Singleterry's contention that the arresting officer's failure to initiate administrative license suspension proceedings rendered the implied consent warning he imparted so misleading and coercive as to make the results of the State administered breath test inadmissible. Singleterry maintains that the implied consent warning's validity was contingent on the filing of a DPS 1205 or 1205-S form.

The implied consent warning was not rendered defective or misleading by the arresting officer's failure to file a DPS 1205 form immediately after Singleterry's arrest. Nothing in the implied consent statute authorizes the relief Singleterry seeks. OCGA § 40-5-67.1 (f) (1). It does not contain an exclusionary rule. On the contrary, it contemplates situations where an officer might fail to give notice or timely transmit the DPS form. OCGA § 40-5-67.1 (f) (1) and (2). Further, nothing in the warning Singleterry received promised the immediate filing of these forms. In the absence of any legal authority allowing the relief Singleterry seeks, we decline to adopt his interpretation of the law or to find the warning misleading or defective. See *Howard v. State*, 219 Ga. App. 228, 230 (2) (465 SE2d 281) (1995).

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED JUNE 19, 1997 —
RECONSIDERATION DENIED JULY 9, 1997 — 

*William C. Head*, for appellant.

*Ralph T. Bowden, Jr., Solicitor, Michael D. Johnson, W. Cliff Howard, Assistant Solicitors*, for appellee.