## A01A1860. GREGG v. THE STATE.
(558 SE2d 729)

MILLER, Judge.

The Superior Court of Whitfield County convicted Kenneth Gregg of speeding in violation of OCGA § 40-6-181. Throughout the proceedings, Gregg challenged the jurisdiction of the court and argued that the court unlawfully entered a plea of "not guilty" on his behalf when he refused to enter a plea. The questions on appeal are whether a Georgia superior court has subject matter and personal

---

jurisdiction in a case involving speeding in Georgia and whether that court is authorized to enter a "not guilty" plea on behalf of a defendant who refuses to plea. We answer both questions in the affirmative and affirm.

The uncontested evidence shows that police observed Gregg traveling at 93 mph in a posted 70-mph zone in Whitfield County, Georgia. When arraigned, Gregg objected to the superior court's jurisdiction over both him and the offense and refused to enter a plea. The court entered a "not guilty" plea on his behalf. Gregg moved to withdraw the plea but offered no alternative plea. At the calendar call, Gregg reasserted his jurisdictional objection and again complained that the court had no authority to enter a plea on his behalf. The court cited OCGA § 17-7-94 as the basis for its authority.

At trial Gregg announced that inasmuch as the court had no jurisdiction, he was "not ready." He refused to participate in the proceedings other than to object repeatedly to the court's jurisdiction. Based on the uncontested testimony of the officers, the jury found Gregg guilty of speeding, and the court sentenced him to 12 months, suspended on his payment of a $750 fine plus costs and applicable surcharges. Acting pro se, Gregg appeals, enumerating 12 errors.

1. Gregg's first enumeration challenges the jurisdiction of the probate court, which bound his case over to superior court. Yet he asserts no rationale to explain why the probate court would have lacked jurisdiction. Since OCGA § 40-13-21 (a) authorizes probate courts to hear traffic violations, this enumeration fails.

2. Gregg's second, fifth, and tenth enumerations all hinge on the argument that the Whitfield County Superior Court lacked jurisdiction over the subject matter and over his person. We hold Gregg's argument is without merit.

(a) *Subject Matter Jurisdiction.* Georgia superior courts have concurrent jurisdiction over misdemeanors with inferior courts.[1] Speeding, which is a violation of OCGA § 40-6-181, is a misdemeanor[2] unless the local court has established a traffic violations bureau pursuant to OCGA § 40-13-50.[3] As no evidence shows the establishment of a traffic violations bureau in Whitfield County, speeding is treated as a misdemeanor in that county, over which the Whitfield County Superior Court has subject matter jurisdiction.

(b) *Personal Jurisdiction.* Pursuant to OCGA § 17-2-1 (b), Georgia courts have personal jurisdiction over persons who commit crimes

---

[1] *Lee v. State*, 222 Ga. App. 389, 390 (1) (474 SE2d 281) (1996); cf. *Freeman v. State*, 194 Ga. App. 905, 906 (2) (392 SE2d 330) (1990) (state courts also have jurisdiction to try misdemeanors).

[2] OCGA § 40-6-1 (a); see OCGA § 40-13-26.

[3] See OCGA § 40-13-60.

within the State.[4] Here the undisputed testimony established that Gregg committed a speeding violation in Whitfield County, Georgia. The Whitfield County Superior Court had personal jurisdiction over him.[5]

3. In his third and seventh enumerations, Gregg contends that the court lacked the authority to enter a "not guilty" plea on his behalf when he refused to enter a plea. OCGA § 17-7-94, however, provides that authority.[6] His fourth enumeration complaining that the court, rather than the prosecutor, identified the authorizing statute is of no import, as a court is certainly free if not obligated to conduct independent legal research regarding the case before it.[7]

4. Gregg's sixth enumeration complains that the court started the arraignment hearing shortly before the court reporter began recording the proceedings. Beyond the reading of the charge against him, the only matters he asserts were not recorded were his jurisdictional challenges and his assertion that the court had no power to enter a plea on his behalf. As the State does not contest that these matters were timely raised, the nonrecordation resulted in no harm.

5. In his eighth enumeration, Gregg claims that because the court lacked jurisdiction, he was "not ready" for trial, and therefore the court erred in proceeding with the trial. As explained in Division 2, the court did have jurisdiction. Moreover, Gregg declined the court's offer to seek a continuance.

6. Gregg's ninth enumeration claims that based on the totality of the court's actions described above, the court conspired with the prosecutor to deprive Gregg of his constitutional rights. This issue, however, was not raised below and therefore was not preserved for appellate review.[8] Furthermore, as discussed herein, the court's actions were beyond reproach.

7. Gregg's eleventh enumeration argues that his sentence exceeded that allowed by law. As a misdemeanor,[9] speeding may be punished by a fine not to exceed $1,000 or by 12 months imprisonment or both.[10] The recent enactment of lower limits on speeding fines became effective on July 1, 2001,[11] well after Gregg's April 14,

---

[4] *Freeman,* supra, 194 Ga. App. at 906 (2).

[5] See id.

[6] See, e.g., *Thomason v. State,* 268 Ga. 298, 308 (5) (486 SE2d 861) (1997); *Freeman,* supra, 194 Ga. App. at 905.

[7] See, e.g., *Hilson v. Dept. of Public Safety,* 236 Ga. App. 638, 640 (512 SE2d 910) (1999) ("Our research has revealed . . ."); *Design Engineering &c. v. Cessna Finance Corp.,* 164 Ga. App. 159, 161 (1) (296 SE2d 195) (1982) ("Our independent research confirms . . .").

[8] See *Holt v. State,* 244 Ga. App. 341, 344 (2) (535 SE2d 514) (2000).

[9] See OCGA § 40-6-1 (a).

[10] OCGA § 17-10-3 (a) (1).

[11] See OCGA § 40-6-1 (b) and accompanying note.

2000 offense, and thus did not apply to his sentencing.[12] As the sentence was within authorized limits, we will not review it.[13]

8. Gregg's twelfth enumeration contends that because the court clerk did not stamp Gregg's notice of appeal until two days after it was filed, a second conspiracy deprived him of his due process rights. As the court corrected this mistake so that the notice reflected the correct filing date, Gregg's timely appeal was not affected. This enumeration also fails.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED DECEMBER 18, 2001 —
RECONSIDERATION DENIED JANUARY 14, 2002 —

Kenneth Gregg, *pro se.*
*Kermit N. McManus, District Attorney, Susan L. Franklin, Assistant District Attorney,* for appellee.

---

[12] See *Moton v. State*, 242 Ga. App. 397, 399 (3) (b) (530 SE2d 31) (2000).
[13] *Branch v. State*, 182 Ga. App. 818, 820 (3) (357 SE2d 136) (1987).