A03A2169. CROSBY v. THE STATE.
(598 SE2d 507)

MIKELL, Judge.

George Walter Crosby was convicted of possession of cocaine and sentenced to five years on probation. He appeals from the order denying his motion to suppress. We affirm.

When reviewing a trial court's decision on a motion to suppress, this court's responsibility is to ensure that there was a substantial basis for the decision. The evidence is construed most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous.[1]

So viewed, the evidence adduced at the suppression hearing reveals that at approximately 8:00 a.m. on March 9, 2002, Eric John Lindskold, the assistant manager of the Rincon Wal-Mart, was notified by a customer that a man in the parking lot was slumped over in the front seat of his car. Lindskold went outside to investigate.

---

[1] (Citations and punctuation omitted.) *State v. Burnett,* 220 Ga. App. 133-134 (469 SE2d 324) (1996).

When he approached the vehicle, the motor was running, and the man was unresponsive. Concerned for the man's safety, Lindskold requested that store personnel notify the police and emergency medical services. Lindskold identified Crosby as the man he saw in the car.

Rincon Police Officer Randy Alexander soon arrived on the scene. He testified that Crosby, who was asleep in the car, had what appeared to be dried blood on his nose, lips, and shirt. In addition, there was a bloody towel on the floorboard by his feet. The officer knocked on the car window several times trying to rouse Crosby. Although Crosby woke up, he was very groggy, incoherent, and his eyes were glassy.

The officer testified that he told Crosby to get out of the car, and the two men opened the door together. Crosby exited his vehicle, and Officer Alexander peered inside. Lying next to the bloody towel on the floorboard, he saw a plastic sandwich bag containing a white powdery substance, a small mirror, a razor blade, and a plastic shopping card. On direct examination, cross-examination, and in response to questioning by the court, the officer testified that the bag was in plain sight and that he did not need to move the towel to observe it.

Lindskold testified that he pointed out the bloody towel to the officer, who removed it from the vehicle. According to Lindskold, the officer then searched the car and found the plastic bag under the driver's seat. However, Lindskold also testified that he did not remain next to the officer every moment. Officer Alexander denied that the plastic bag had been located under the seat. Both Lindskold and the officer testified that the car's interior was very disheveled and that Crosby appeared to be living in, or working out of, the vehicle.

At trial, Officer Alexander testified that the situation he encountered made him very suspicious; namely, that Crosby was sleeping while the motor was running, that he was acting strangely, that the interior was in disarray, that a bloody towel lay at his feet, and that blood was on his shirt and face. Deciding that further investigation was warranted, Officer Alexander testified that he got down on his knees, looked inside the car, moved the towel, and saw the plastic bag on the other side of the towel. He was asked whether Lindskold would be mistaken if he testified that the officer pulled the bag out from under the seat. Officer Alexander replied, "I can't testify to what he saw. All I can [say] is that when I went in there, from my angle, when you looked in, then you could see where it's at." Lindskold later testified that the officer found the cocaine underneath the driver's seat when he reached in to pick up the bloody towel.

In denying the motion to suppress, the trial court concluded that Lindskold's testimony did not conflict with the officer's testimony that he observed the plastic bag during his attempt to retrieve the

bloody towel. The court held that the search was justified under the plain view exception to the warrant requirement.

The plain view exception applies when "the police officer . . . had a prior justification for an intrusion in the course of which he came inadvertently across a piece of evidence incriminating the accused."[2] In Georgia, "this principle extends to the observation of evidence in plain view inside automobiles when the officer was lawfully at the place where he observed the incriminating evidence."[3]

> The viewing need not be motivated by any articulable suspicion. On the contrary, law enforcement officers simply have the right to look into automobiles, so long as they have a legitimate reason and are looking from a place in which they have a right to be (e.g., a street or roadside). Any incriminating evidence they have the fortune to see in plain view may be seized and later admitted as evidence.[4]

Officer Alexander was lawfully at the Wal-Mart parking lot, having been summoned by the concerned Lindskold. The officer was then confronted with an incoherent, impaired, bloodied driver who was sleeping in his disheveled car with the motor running at 8:00 a.m. Therefore, in this case, the investigation leading to the inadvertent discovery of the bag of cocaine was justified by reasonable, articulable suspicion.[5] Moreover, there is evidence to support the trial court's finding that the contraband was in plain view. The officer consistently testified that the bag was located next to the towel; he never testified that the bag of contraband was located underneath the towel. Therefore, the officer's trial testimony that he moved the towel does not necessarily conflict with his testimony at the suppression hearing that he was not required to move the towel in order to see the bag. In any event,

> on motion to suppress, the findings of the trial judge on conflicting evidence should not be disturbed by a reviewing court if there is any evidence to support them. The hearing judge sits as trier of fact; credibility and weight, and the

---

[2] *Coolidge v. New Hampshire*, 403 U. S. 443, 466 (II) (C) (91 SC 2022, 29 LE2d 564) (1971).

[3] *State v. Bryant*, 203 Ga. App. 69, 70 (416 SE2d 368) (1992), citing *State v. Key*, 164 Ga. App. 411 (296 SE2d 60) (1982) (officer responded to radio call to investigate suspicious person in car parked on roadside at 2:40 a.m.).

[4] (Citation omitted.) *Key*, supra at 412.

[5] *Bryant*, supra.

resolution of conflicts within the testimony of a witness, are matters to be determined by the judge.[6]

We will not disturb the trial court's findings based on conflicting evidence.

Crosby contends that the warrantless search was not justified under the plain view exception because the incriminating character of the plastic bag containing the cocaine was not immediately apparent to the officer upon a casual visual inspection. This argument is derived from *Brown v. State*,[7] in which the Supreme Court of Georgia noted that "a warrantless search is legitimate under the 'plain view' exception only where the incriminating character of the item is immediately apparent."[8] The facts in *Brown*, however, differ materially from those in the case at bar. Defendant Brown was stopped for driving without headlights. While seated in his car, he reached into his pants pocket to search for his driver's license. A small piece of paper fell out and landed on the seat between his legs. Brown immediately closed his legs around the paper. The officer locked Brown in the patrol car, searched Brown's vehicle, and discovered several rocks of crack cocaine in the paper.[9] Reversing the trial court's denial of Brown's motion to suppress, the Court ruled that the paper was an innocuous object that could not be deemed incriminating under the plain view exception because its incriminating character was not immediately apparent.[10] In the case at bar, the bloody towel at Crosby's feet can hardly be deemed an innocuous object in light of all the circumstances. Moreover, Officer Alexander testified that the bag containing the drugs and paraphernalia was plainly visible next to the towel.

It follows that the trial court did not err in denying Crosby's motion to suppress.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED JANUARY 16, 2004 —
RECONSIDERATION DENIED APRIL 8, 2004 —

*Zipperer & Lorberbaum, Alex L. Zipperer, Eric R. Gotwalt, Cletus W. Bergen II*, for appellant.

---

[6] (Citations and punctuation omitted.) *State v. Adams*, 186 Ga. App. 87, 88-89 (366 SE2d 326) (1988); *Burnett*, supra.

[7] 269 Ga. 830 (504 SE2d 443) (1998).

[8] (Citations omitted.) Id. at 831 (1).

[9] Id. at 830-831.

[10] Id. at 831 (1).

*Richard A. Mallard, District Attorney, Keith A. McIntyre, Assistant District Attorney*, for appellee.