A10A2218. JONES v. THE STATE.
(706 SE2d 593)

DOYLE, Judge.

Matthew Trent Jones entered a nonnegotiated guilty plea to speeding, reckless driving, and passing in a no-passing zone. He appeals his sentence, arguing that the trial court erred by (1) sentencing him to 12 months, to serve 45 days in jail and the balance on probation on the speeding count; (2) imposing a $1,000 fine on the speeding count; and (3) ordering him to complete 400 hours of community service. For reasons that follow, we affirm the judgment of conviction, vacate the sentence, and remand the case for resentencing.

"The trial court has the discretion to impose sentence within the parameters prescribed by the statute and if the sentence is within the statutory limits, the appellate courts will not review it."[1] Viewed with this principle in mind, the record shows that Jones was charged

---

[1] (Punctuation omitted.) *Pitts v. State*, 231 Ga. App. 9 (498 SE2d 534) (1998).

with speeding[2] (Count 1), reckless driving[3] (Count 2), passing in a no passing zone[4] (Count 3), passing on a curve[5] (Count 4), following too closely[6] (Count 5), and failure to signal a lane change[7] (Count 6). Jones entered a nonnegotiated guilty plea to Counts 1, 2, and 3 in exchange for the State's agreement to enter a nolle prosequi on Counts 4, 5, and 6. The trial court then sentenced Jones as follows: 12 months on each charge, to run consecutive to each other, with the first 45 days served in jail and the remainder on probation; a $1,000 fine on the speeding charge; and 400 hours of community service. He now appeals certain portions of his sentence.

1. Jones contends that the trial court erred by sentencing him on the speeding charge to 12 months, to serve 45 days in jail and the balance on probation, arguing that the speeding statute does not authorize a sentence of imprisonment or probation. This contention is without merit.

OCGA § 40-6-1 (a) provides that "unless otherwise declared in this chapter with respect to particular offenses, it is a misdemeanor for any person to do any act forbidden or fail to perform any act required in this chapter." Thus, speeding, which is prohibited by OCGA § 40-6-181 (b), is a misdemeanor.[8] Pursuant to OCGA § 17-10-3 (a) (1), except as otherwise provided by law, misdemeanors are punished "[b]y a fine not to exceed $1,000.00 or by confinement in the county or other jail, county correctional institution, or such other places as counties may provide for maintenance of county inmates, for a total term not to exceed 12 months, or both."

Jones argues, however, that the enactment of legislation setting lower limits on speeding fines set forth in OCGA § 40-6-1 (b), which became effective on July 1, 2001,[9] rendered the general misdemeanor punishment statute (OCGA § 17-10-3) inapplicable to speeding convictions. We disagree. OCGA § 40-6-1 (b) simply sets limits on fines that may be imposed as punishment for a first offense of speeding. It does not restrict the available punishment for speeding to a fine.[10] Therefore, Jones's sentence to serve 12 months for the

[2] OCGA § 40-6-181 (b) (2).

[3] OCGA § 40-6-390 (a).

[4] OCGA § 40-6-46 (b).

[5] OCGA § 40-6-45 (a) (1).

[6] OCGA § 40-6-49 (a).

[7] OCGA § 40-6-123 (a).

[8] See *Gregg v. State*, 253 Ga. App. 243, 245 (7) (558 SE2d 729) (2001).

[9] See id.

[10] See *Caputo v. State*, 276 Ga. App. 477 (623 SE2d 687) (2005) (recognizing that speeding "is a misdemeanor and subjects [the defendant] to potential punishment as a misdemeanant," including possible imprisonment); *Gregg*, 253 Ga. App. at 245 (7). Compare *Chastain v. State*, 231 Ga. App. 225, 228 (4) (498 SE2d 792) (1998) (holding that violations of OCGA § 40-6-253,

speeding charge was within authorized limits.[11]

2. Jones also argues that the trial court erred by imposing a $1,000 fine for the speeding charge.

OCGA § 40-6-1 (b) (6) provides that the maximum fine for a first offense of violating a maximum lawful speed limit "[b]y 24 or more but less than 34 miles per hour shall not exceed $500.00."[12] At the sentencing hearing, the trial court noted that Jones had a lengthy history of traffic violations, reading from "documents" provided by the State as follows:

> 1999, 85 in a 55; . . . 61 in a 45, that was in 2000; again in 2000, same month, we've got 67 in a 45; 2001, March of 2001, failure to obey a stop sign; November of 2001, we've got a construction site speed zone violation; . . . December of 2002, 85 in a 70; March of 2003, improper passing; September of 2002, 51 in a 35; August of 2003, 68 in a 45; May of 2004, 87 in a 70; August of 2005, failure to obey a stop sign; June of 2005, 79 in a 55; . . . March of 2007, 45 in a 30; April of 2007, 64 in a 45; 12/16/07, failure to obey signs or control devices; . . . [and] January 2nd, 2008, 91 in a 65. . . .

Therefore, the State argues, the $500 fine limit prescribed in OCGA § 40-6-1 (b) (6) does not apply because the instant speeding conviction was not his first offense.[13] Jones maintains, however, that because the State failed to tender into evidence his record or certified copies of the convictions, the trial court was not authorized to impose a fine in excess of $500.

As we have previously held, "[t]he time to challenge the validity of a prior conviction is at sentencing when the [S]tate attempts to prove such conviction."[14] Moreover, "[t]he requirement that prior convictions be proved by certified copies thereof is really an application of the 'best evidence rule.' The 'best evidence rule' may be waived."[15] Here, Jones did not object to the State's failure to admit certified copies thereof, nor did he dispute that he had multiple convictions for traffic violations. In fact, at one point, when the trial

---

which "criminalizes the act of operating a vehicle while in possession of an open container of alcohol and also prescribes its own punishment for such an act (i.e., a fine not to exceed $200)," are punishable "by the specific statute, OCGA § 40-6-253 (c), and not by the general misdemeanor statute").

[11] See *Caputo*, 276 Ga. App. at 477; *Gregg*, 253 Ga. App. at 245 (7).

[12] Jones was charged with driving more than 100 miles per hour in a 70 miles-per-hour zone.

[13] Instead, the State maintains that the $1,000 fine limit set forth in OCGA § 17-10-3 (1), the general misdemeanor Code section, applies.

[14] *Thompson v. State*, 266 Ga. App. 29, 34 (3) (596 SE2d 205) (2004).

[15] (Citation omitted.) *Moret v. State*, 246 Ga. 5, 6 (3) (268 SE2d 635) (1980).

court asked him whether any of his previous violations occurred while he was operating a motorcycle, Jones responded, "[t]he 91 in a 60 or 91 something," implicitly admitting at least one prior conviction for speeding. Under these circumstances, we find no error in the trial court's judgment sentencing Jones to a $1,000 fine for speeding.[16]

3. In his final enumeration, Jones argues that the trial court erred by sentencing him to 400 hours of community service. We agree.

OCGA § 42-8-72 (a) (1) provides that "[c]ommunity service may be considered as a condition of probation" for traffic violations. The statute further provides, however, that the sentencing court may order "[n]ot less than 20 hours nor more than 250 hours in cases involving traffic or ordinance violations or misdemeanors. . . ."[17] The State concedes that the trial court erred to the extent that it ordered Jones to perform 400 hours of community service for one charge[18] and requests that this Court remand this case for clarification by the trial court, suggesting that the trial court would be authorized to sentence Jones to up to 250 hours on each of the three convicted charges.

The State's position is without merit. " 'Courts of last resort must frequently construe the language of a statute, but such courts may not substitute by judicial interpretation language of their own for the clear, unambiguous language of the statute, so as to change the meaning.' "[19] The 250-hour maximum limit for community service hours set forth in OCGA § 42-8-72 (b) (1) specifically applies to "*cases* involving traffic . . . violations,"[20] not to each traffic violation or charge as suggested by the State. Thus, the trial court erred by ordering Jones to perform 400 hours of community service as a condition of his probation. We therefore affirm Jones's conviction, vacate his sentence, and remand the case to the trial court for resentencing consistent with this opinion.

*Judgment of conviction affirmed, sentence vacated, and case*

---

[16] See id. (holding that by failing to object to the oral testimony of the prosecutor regarding the defendant's prior conviction, the defendant waived the objection that the State failed to produce a certified copy thereof); *Thompson*, 266 Ga. App. at 33 (3) (affirming recidivist sentencing because the State offered evidence of the defendant's prior conviction, the defendant did not contest the conviction, and the trial court considered it in sentencing him as a recidivist).

[17] OCGA § 42-8-72 (b) (1).

[18] It is not clear from either the transcript of the sentencing hearing or the judgment whether the trial court intended to sentence Jones to 400 hours of community service for one or more counts or for the case as a whole.

[19] *Richardson v. State*, 276 Ga. 639, 640 (1) (581 SE2d 528) (2003).

[20] (Emphasis supplied.)

*remanded. Ellington, C. J., and Andrews, J., concur.*

DECIDED FEBRUARY 24, 2011.

*Benjamin D. Goldberg, Michael R. McCarthy*, for appellant.
*Kermit N. McManus, District Attorney, Benjamin B. Kenemer, Assistant District Attorney*, for appellee.